IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

ANTHONY VOLNER,                )
                                   )
         **PLAINTIFF**         )
                                   )
**v.**                               )     **CASE NO. CIV 11-003-JHP**
                                 )
**UNION PACIFIC RAILROAD COMPANY,** )
                                 )
        **DEFENDANT**       )

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION

COMES NOW the Defendant, Union Pacific Railroad Company ("Union Pacific"), by and through its attorneys of record, Gibbs, Armstrong, Borochoff, Mullican & Hart, P.C., and for its Motion for Summary Judgment would show the Court as follows:

### PRELIMINARY STATEMENT

Plaintiff has alleged injury while employed with Union Pacific for the past five and one half years. Although The Federal Employers Liability Act has a relaxed causation standard, it continues to require that a prospective Plaintiff demonstrate some level of negligence on the part of an employer. Plaintiff cannot demonstrate that Union Pacific did anything to cause his injuries in this case. Plaintiff lacks any testimony or expert testimony to support any claim of cumulative trauma and is equally unable to support any claim of traumatic injury.

### MATERIAL FACTS

1.     Plaintiff has alleged that his injuries were caused by Defendant's failure to provide reasonably safe place to work; failure to provide reasonably safe tools; failure to properly supervise; failure to provide safe methods of work; failure to test and inspect workplace and equipment conditions; knowledge that workplace conditions would cause Plaintiff's injuries;

failure to warn Plaintiff of ergonomic hazards; failure to medically monitor Plaintiff for repetitive motion injuries; Defendant had Plaintiff perform repetition actions in violation of NIOSH standards; failure to comply with the "General Duty Clause" of the 1971 OSHA Act, resulting in negligence per se (not identified by Plaintiff as a separate cause of action); failure to vary Plaintiff's job duties to prevent repetitive trauma injury; Defendant knew or should have known that it was exposing Plaintiff to an unreasonable risk of harm; Defendant assigned Plaintiff to work beyond his physical capacity; failure to transfer Plaintiff to a less strenuous position or impose restrictions; failure to perform an adequate number of physical examinations of Plaintiff; failure to perform physical examinations to ensure he was fit for duty; failure to protect Plaintiff from exposure after being notified of harmful condition; and failure to examine Plaintiff after being notified of injury. *See* Plaintiff's Petition [Doc. No. 2] filed herein on January 3, 2011, at ¶7.

2.      Plaintiff began working for Union Pacific on July 9, 2004. *See* Deposition of Anthony Volner obtained on August 18, 2011, attached hereto as Exhibit 1 at pp:15:4-5. The last day Plaintiff worked was January 28, 2010. *Id* at 18:5-13. Thus Plaintiff only worked a total of five and one half (5 ½) years at Union Pacific.

3.      Plaintiff testified that he has worked as a trackman. *Id* at pp:15:22-23. Plaintiff testified that he never sustained any injuries while working as a track laborer (trackman). *Id* at pp:33:4-9.

4.      He worked as a trackman for about seventy-five (75) days and then worked as a crane helper for approximately six (6) months. *Id* at pp:17:13-21. Plaintiff testified that he never sustained any injuries while working as a crane helper. *Id* at pp:34:24-35:1.

2

5.      Plaintiff then worked occasionally as a crane operator for three and one half years. *Id* at pp:17:22-18:3.  Plaintiff testified that he never sustained any injuries while working as a crane operator.  *Id* at pp:39:22-24.

6.      Plaintiff testified that he subsequently became a trackman on the section gang for approximately eleven (11) months.  *Id* at pp:41:25-42:9.  Plaintiff testified that his neck was injured while working as a trackman on the section gang.  *Id* at pp:45:29-46:16.

7.      Plaintiff testified that his neck was injured sometime in November.  *Id* at pp:46:14-16.

8.      Plaintiff could not recall a specific activity that caused his neck pain.  *Id* at pp:60:18-61:16.

9.      Plaintiff was unaware of a specific act that caused his neck problems.  *Id* at pp:62:6-8.

10.     Plaintiff could not identify a defective tool that caused his injury.  *Id* at pp:62:18-22.

11.     Plaintiff could not identify a specific working condition that caused his injury.  *Id* at pp:62:23-2.

12.     Similarly, according to the personal injury report completed by Plaintiff on January 12, 2010, Plaintiff did not know the date he was injured, where he was injured, the specific activity he was engaged in when he was injured, what specifically caused his injury, or what tools specifically caused his injury.  *See* Report of Personal Injury or Occupational Illness completed by Plaintiff on January 12, 2010, attached hereto as Exhibit No. 2.

13.     Plaintiff has alleged that Defendant failed to provide safe tools and equipment; allowed for unsafe work practices; failed to test and inspect the workplace and equipment to

3

determine ergonomic adequacy; assigned Plaintiff to work situations and conditions likely to cause injury or aggravate his prior injury; failed to warn Plaintiff of ergonomic hazards; failed to medically examine employees for ergonomic injuries; required Plaintiff to engage in repetitive motion duties and work outside of any recognized safety level and especially that recognized in the revised NIOSH standards; violated the 1971 OSHA; required Plaintiff to perform duties in a repetitive manner; required Plaintiff to perform repetitive and arduous physical activity; and assigned Plaintiff to duties that were beyond his physical capacity. *See* Plaintiff's Petition [Doc. No. 2] filed herein on January 3, 2011, at ¶7 (b)(d)-(l). Despite these complex issues, Plaintiff has not identified any expert witnesses on Plaintiff's Initial Witness List that was filed on October 11, 2011. *See* Plaintiff's Witness List filed October 11, 2011, attached hereto as Exhibit No. 3.

14.     Similarly, Plaintiff has not identified or disclosed any expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2)(D)(i), which requires that expert disclosures be made ninety (90) days before trial.

15.     Plaintiff was treated regarding this claim by Dr. Patrick Han. Dr. Han testified that he has an undergraduate degree in Electrical Engineering, a medical degree from the University of Kansas, and is board certified in neurosurgery. *See* deposition of Dr. Patrick Han obtained on October 13, 2011, attached hereto as Exhibit No. 4, at pp:13:10-14:1.

16.     Plaintiff never complained to Dr. Han about any specific activity with Union Pacific that aggravated his back. *Id* at pp:14:16-25.

17.     Dr. Han could not recall if Plaintiff told him of a specific duty that he was doing when his injury occurred. *Id* at pp:15:1-3.

18.     Dr. Han has never observed a trackman working at the railroad. *Id* at pp:15:7-9.

4

19.    Dr. Han never did any studies regarding exposures or conditions that Plaintiff would have experienced while working at Union Pacific. *Id* at pp:16:18-22.

20.    Dr. Han has not seen any studies regarding work exposures of trackmen. *Id* at pp:18:20-23.

21.    Dr. Han's only knowledge of Plaintiff's work exposures was that Plaintiff had told him that he pushed and pulled up to 500 pounds. *Id* at pp:19:25-20:8.

22.    Dr. Han did not know what different positions Plaintiff held while at Union Pacific. *Id* at pp:23:2-5.

23.    Dr. Han did not know what type of equipment Plaintiff used at a trackman at Union Pacific. *Id* at pp:24:6-9.

24.    Dr. Han did not know how many hours a week Plaintiff worked at the railroad, or how many days a week he worked. *Id* at pp:24:25-25:5.

25.    Similarly, Dr. Han did not know the amount of force that is required to operate the equipment used by a trackman. *Id* at pp:25:6-11.

26.    Dr. Han did not speak to any of Plaintiff's supervisors or co-workers at Union Pacific. *Id* at pp:25:16-20.

27.    Dr. Han never asked Plaintiff about any of his prior employment. *Id* at pp:26:2-7.

28.    Dr. Han does not know how a trackman puts in a section of rail and has never observed it being done. *Id* at pp:26:16-22.

29.    Dr. Han has never measured any of the forces actually involved in Mr. Volner's work tasks. *Id* at pp:27:7-14.

30.    Plaintiff never communicated to Dr. Han his leisure activities that may have affected his medical condition. *Id* at pp:33:2-15.

31.     Dr. Han doesn't believe that he's ever treated a trackman with Union Pacific for a medical condition such as Plaintiff's. *Id* at pp:39:10-15.

32.     Dr. Han testified that it's possible that Plaintiff's employment contributed to his condition, but could not state that it was probable. *Id* at pp:34:7-22.

33.     Dr. Han could not testify within a reasonable degree of medical certainty that Plaintiff's employment caused or contributed to his medical condition. *Id* at pp:66:11-68:9.

34.     Dr. Han testified that he would need to know an exact description of the work performed by Plaintiff in order to determine if Plaintiff's employment did contribute to his injuries in the slightest amount. *Id* at pp:68:17-70:4.

35.     Dr. Han stated that he would need to have more information to provide an opinion within a reasonable degree of medical certainty that Plaintiff's employment contributed to his injuries beyond a mere possibility. *Id* at pp:70:14-71:9.

36.     On October 11, 2011, in accordance with the applicable Scheduling Order and Federal Rule of Civil Procedure 26(a)(2)(D)(i), Union Pacific presented its expert disclosures, which included the October 7, 2011 report of Greg G. Weames, CPE, CCPE, CRSP. *See* report of Greg G. Weames, CPE, CCPE, CRSP dated October 7, 2011, attached hereto as Exhibit No. 5.

37.     Greg G. Weames has a M.Sc. in Kinanthropology (Occupational Biomechanics) from the University of Ottawa; a B.Sc. in Kinesiology from the University of Waterloo; is a Certified Professional Ergonomist; Canadian Certified Professional Ergonomist; and Canadian Registered Safety Professional. *See* Curriculum Vitae of Greg G Weames, CPE, CCPE, CRSP, dated June 14, 2011, attached hereto as Exhibit No. 6.

38.     Mr. Weames completed an evaluation and analysis of Plaintiff's specific job tasks as a crane operator and trackman, and determined that job tasks do not present an increased risk for the development of cervical spine degeneration. *See* Exhibit No 5 at p. 14-15.

## ARGUMENTS AND AUTHORITIES

### A.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidentiary materials "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute is "genuine" if the evidence permits a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." *Id.* In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Instead, the moving party initially bears the burden only of "showing-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. (internal quotations omitted). Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Id.* at 324. The nonmoving party "may not rest upon mere allegation" in his pleadings to satisfy this requirement. *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must "go beyond the pleadings and by ... affidavits, or by the depositions, answers to interrogatories, and

admissions on file, designate specific facts showing that there is a genuine issue for trial."
*Celotex*, 477 U.S. at 324 (internal quotations omitted).

**B.      PLAINTIFF HAS NO EVIDENCE TO PROVE UNION PACIFIC CAUSED HIS INJURIES**

**Plaintiff Cannot Identify a Specific Traumatic Event Causing his Injury**

Plaintiff lacks any evidence to support his claim that Union Pacific caused his injuries.
He testified that he was injured while working as a trackman on the section gang, which he did
for approximately eleven months. *See* Material Fact No. 6.  Plaintiff testified that he was unable
to identify a specific activity with Union Pacific that caused or contributed to his injuries. *See*
Material Fact Nos. 3-5, 8-12.  Similarly, Plaintiff could not recall ever having any specific
injuries while working at any position at Union Pacific. *See* Material Fact Nos. 3-5, 8-12.
Plaintiff is unable to identify any specific traumatic or cumulative event that lead to his injuries
in this case as evidenced by both his testimony at deposition and his personal injury report. *See*
Material Fact Nos. 3-5, 8-12.  Even Plaintiff's petition in this case fails to identify a specific
incident or activity with his employment that caused his injuries. *See* Material Fact No. 1.

**Plaintiff Lacks any Evidence of a Cumulative Trauma Injury**

Similarly, Plaintiff has not identified any experts in this case to support his claim of
cumulative injury. *See* Material Fact Nos. 13 and 14.  Union Pacific has presented expert
testimony that Plaintiff's job tasks at Union Pacific did not present an increased risk of cervical
degeneration. *See* Material Fact Nos. 36-38.  Plaintiff's treating physician Dr. Patrick Han has
testified that he is unable to provide an opinion within a reasonable degree of medical certainty
that Plaintiff's employment caused or contributed to his injuries in this case. *See* Material Fact
No. 33.  He testified that he would need to know more of the details regarding Plaintiff's

employment in order to provide an opinion as to whether his employment caused or contributed to his condition, even in the slightest amount. *See* Material Fact No. 34-35.

Dr. Han testified that he has never observed a trackman performing his duties at the railroad, and has not reviewed any studies regarding a trackman's work exposures at the railroad. *See* Material Fact Nos. 18-20, 28. Dr. Han did not know the different positions that Plaintiff has held at Union Pacific, or the types of equipment that he used. *See* Material Fact No. 22. Dr. Han has never treated a trackman with injuries similar to those affecting Plaintiff. *See* Material Fact No. 31. Similarly, he didn't know the physical activities of Plaintiff's prior employment or Plaintiff's leisure activities. *See* Material Fact Nos. 27 and 30.

### Plaintiff Must Present Evidence Supporting his Claim of Injury

The FELA is not a workers' compensation system under which an employee may recover for injuries regardless of fault; employer negligence is a prerequisite to liability. *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994); *Soto v. Southern Pacific Transportation Co.*, 644 F.2d 1147, 1148 (5th Cir. 1981), *cert. denied* 454 U.S. 969 (1981). The FELA does not make the employer an insurer against personal injury damages suffered by its employees. *Wilkerson v. McCarthy*, 336 U.S. 53, 61 (1949); *Terminal Railroad Assn. of St. Louis v. Howell*, 165 F.2d 135, 138 (8th Cir. 1948). The FELA is distinctly different from the Workers' Compensation Act as a FELA plaintiff is not entitled to work in absolute security. *Conway v. Consolidated Rail Corp.*, 720 F.2d 221, 223 (1st Cir. 1983). "It is black letter law" that a railroad is not, and has never been, the insurer of the safety of its employees. *Id.*, *Inman v. Baltimore & Ohio Railroad Co*, 361 U.S. 138, 140 (1959). A "workplace injury alone is not sufficient to establish negligence" under the FELA. *Johnson v. Grand Trunk W. R.R, Inc.*, 2008

9

WL 283703 at *3 (E.D. Mich., Jan. 31, 2008) (*citing Kuberski v. New York Central R.R. Co.*, 359 F.2d 90, 93 (2nd Cir. 1992)).

Absent express language to the contrary, the elements of a FELA claim are determined by reference to the common law. *Norfolk Southern Ry. Co. v. Sorrell*, 549 U.S. 158, 166 (2007). Therefore, in order to prevail on his FELA claim, Plaintiff must still "prove the traditional common law elements of negligence." *Adams v. CSX Transport., Inc.*, 899 F.2d 536, 539 (6th Cir. 1990). Even though the language in FELA is broad, FELA is not a strict liability statute. *Doty v. Illinois Cent. R. Co.*, 162 F.3d 460, 463 (7th Cir. 1998). To be successful here, Plaintiff must prove the traditional common law elements of negligence, including: (1) foreseeability; (2) duty; (3) breach; and (4) causation. *McCann v. Illinois Cent. R.R. Co.*, 2010 WL 1905093, *8 (C.D. Ill. May 12, 2010); *Williams v. National R.R. Passenger Corp.*, 161 F.3d 1059, 1062 (7th Cir. 1998); *Fulk v. Illinois Cent. R.R. Co.*, 22 F.3d 120, 124 (7th Cir. 1994). "Critical to the FELA plaintiff's case is some evidence of a causal connection between the employer's negligence and the plaintiff's injury." *McCann*, 2010 WL 1905093, *8 (C.D. Ill. May 12, 2010). "[U]nless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile," expert testimony is required to establish the causal connection between the railroad's negligence and the injury at issue. *Myers v. Illinois Cent. R. Co.*, 679 F. Supp. 2d 903, 917 (C.D. Ill. 2010); *McCann*, 2010 WL 1905093, at *8; *all citing Campbell v. National R.R. Passenger Corp.*, 2008 WL 4367450, *3 (N.D. Ill. 2008). Similarly, the burden of proving that the workplace was unsafe rests with the Plaintiff. *Shea v. New York, New Haven and Hartford Railroad Co.*, 316 F2d 838 (1st Cir. 1963).

In the case at bar, Plaintiff cannot identify a single specific event or activity that caused his injuries in this case. For a railroad to be liable for damages, Plaintiff must prove that his

damages are caused in whole or in part by the negligence of the railroad. *CSX Transp., Inc. v. McBride*, 131 S.Ct. 2630, 2643 (U.S. 2010). This Plaintiff has not pled or identified any expert witnesses to testify about a specific incident or activity causing his injuries. Similarly, his treating physician has testified that he is unable to provide an opinion within a reasonable degree of medical certainty that Plaintiff's injury was caused or contributed to by his employment with Union Pacific.

Dr. Han was brutally honest and admitted that he knew virtually nothing about Plaintiff's specific job exposures and testified that he would need to have more information to provide any opinion as to causation within a reasonable degree of medical certainty. In short, the record amply demonstrates that there is no evidence to establish *any* causal link between Plaintiff's injuries and his work at Union Pacific. That leaves this Court with no evidence of causation, thus there is no viable claim against Union Pacific.

The FELA allows an employee to recover even when an employer's negligence is minimal, but the employee must still prove some negligence and causation. *Soto v. Southern Pac. Transp. Co.*, 514 F. Supp. 1 (W.D. Tex 1979), aff'd, 644 F2d 1147 (5th Cir. 1981). Without expert testimony providing evidence to establish causation between the injuries Plaintiff suffered and his work with the railroad, summary judgment is appropriate. *See McCann,* 2010 WL 1905093, *8 (C.D. Ill. May 12, 2010). "There must be some evidence from which a jury could find that employer negligence was a cause of the injury." *Id.*

The *McCann* court relied on yet another classic FELA case in *Myers v. Illinois Cent. R. Co.*, 679 F. Supp. 2d 903 (C.D. Ill. 2010). There, the Court said that the causal connection between the plaintiff's neck and back injuries and the defendant's purported negligence were less than clear to a layman. *Id.*, at 917. As such, Plaintiff needed a medical expert to present

11

evidence of the causal connection between the alleged negligence of the railroad and the plaintiff's injuries. After striking the experts under *Daubert*, summary judgment was appropriate because Plaintiff had no expert to produce admissible evidence of causation. *Id.*

Applying *McCann* and *Myers* here, this Court should grant summary judgment because Plaintiff has no expert who can establish the element of causation to support Plaintiff's FELA claim. Without the ability to satisfy the causation element, Plaintiff's claims of negligence must fail.

## CONCLUSION

Defendant Union Pacific is entitled to judgment as a matter of law because Plaintiff has no evidence to support the causation element of his FELA claim. Plaintiff has presented no evidence or expert testimony that can link Plaintiff's injuries with any alleged negligence by the railroad. Because there is no causal link between his injuries and his work with the railroad, summary judgment is appropriate.

WHEREFORE, all premises considered, Defendant Union Pacific respectfully requests this Court grant its Motion for Summary Judgment and grant it any and all further relief as this Court deems just and proper.

Respectfully Submitted,

**GIBBS ARMSTRONG BOROCHOFF MULLICAN & HART, P.C.**

/s/    Jeffrey Fields
Robert D. Hart, OBA #16358
Jeffrey Fields, OBA #18702
601 South Boulder Ave., Suite 500
Tulsa, Oklahoma 74119
Telephone (918) 587-3939
Facsimile (918) 582-5504

## CERTIFICATE OF SERVICE

I certify that on 3rd  day of November, 2011, a true and correct copy of the foregoing was electronically transmitted to the Clerk of the Court of the Eastern District of Oklahoma using the ECF system for filing to the following ECF registrants:

Roy Gean
511 Garrison
Ft. Smith, AR  72901

M. Jared Medlock
PO Box 3326
Ft. Smith, AR 72913

s/ Jeffrey Fields